# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SAMANTHA SMITH AND ROBERT MEANS, *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action No. 6:24-CV-00336-JCB |
| UNITED STATES DEPARTMENT OF THE TREASURY, JANET YELLEN, in her official capacity as Secretary of the Treasury, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, and ANDREA GACKI, in her official capacity as Director of FinCEN, *Defendants*. | § § § § § § § § § § § | |

## PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Samantha Smith and Robert Means respectfully submit this third notice to inform the Court of recent activity in *Texas Top Cop Shop, Inc. v. Garland*, No. 4:24-CV-478, ECF No. 30 (E.D. Tex. filed Dec. 3, 2024) which has bearing on this Court's consideration of Plaintiffs' requests for preliminary relief, expedited consideration, and summary judgment.

As this Court is already aware, on December 3, the district court in *Texas Top Cop* held that the CTA is likely facially unconstitutional and issued a nationwide preliminary injunction against the CTA and its implementing rule, codified at 31 C.F.R. § 1010.380. *Id.* at 78–79.

Yesterday, a divided motions panel of the Fifth Circuit entered an unpublished (2-1) order staying the injunctive relief in that case. *Texas Top Cop Shop, Inc. v.*

*Garland*, No. 24-40792, ECF No. 140-2 (5th Cir. filed Dec. 23, 2024). Because the injunction in *Tex. Top Cop Shop, Inc.* was stayed, Plaintiffs will now have to comply with the CTA by January 1—a mere three working days from today. 31 U.S.C, § 5336(b)(1)(B); 31 C.F.R. § 1010.380(a)(1)(iii). At that time, Plaintiffs will be forced by law to disclose private information to a federal law enforcement database. If Plaintiffs do not make these disclosures, they will be subject to civil penalties of up to $500 per day and criminal penalties of up to a $10,000 fine and two years in prison. 31 U.S.C. § 5336(h)(1),(3).

Plaintiffs have no mechanism to avoid these penalties or remedy such injuries once the CTA goes into effect. This Court should therefore either grant preliminary relief or summary judgment to prevent this imminent irreparable harm.

Federal Defendants will likely argue that the motion panel's decision in *Texas Top Cop* should preclude relief here. But this argument fails for at least four reasons.

*First*, "a motions panel decision is not binding precedent." *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988). In fact, the motion panel's ruling is not even binding on further proceedings within that case. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020). *Texas Top Cop's* unpublished, divided motions panel therefore does not bind this Court. *Id.*; see also, 5th Cir. R. 47.5.4 (unpublished opinions are not precedent). Indeed, district courts often move forward with challenges to federal regulations while appeals of preliminary rulings in other cases involving those same regulations wind their way through the Fifth Circuit. See, e.g., *Watterson v. Bureau of Alcohol*, Nos. 23-40556, 23-11157, 23-11199, 23-11203, 23-

11204, 23-40685, 2024 U.S. App. LEXIS 21535, at *9 (5th Cir. Aug. 26, 2024) (consolidated appeal of several preliminary injunction orders from various courts involving the same regulation was deemed moot once a single district court ruled that the regulation was unlawful on the merits). This Court should do so here.

*Second*, as Plaintiffs have previously noted, the lower court's opinion in *Texas Top Cop* was based on a formulation of the issues in this case which Plaintiffs disagree with and do not raise. ECF 22, p.1-2. Among other things, Judge Mazaant, and the parties in *Texas Top Cop*, treated the "substantial effects" test as arising under the Commerce Clause alone. *Id*. But the Fifth Circuit has been clear that the substantial effects test arises under the Necessary and Proper Clause, not the Commerce Clause alone. *Terkel v. CDC*, 521 F. Supp. 3d 662, 671 (E.D. Tex. 2021) (citing *United States v. Whaley*, 577 F.3d 254, 258, 260 (5th Cir. 2009)).

This distinction matters. As with any enumerated power, when the federal government invokes the Commerce Clause directly, rational basis scrutiny applies. But when the government invokes its implied powers under the Necessary and Proper Clause, a more searching analysis is required to ensure that the restriction is "plainly adapted" to the exercise of an enumerated power and "consistent with the letter and spirit of the constitution." *Gonzales v. Raich*, 545 U.S. 1, 39 (Scalia, J., concurring). This requires courts to inquire as to the various federalism sensitive considerations from cases like *Lopez* and *Morrison*. *Id*.

Because the motions panel in *Texas Top Cop* was asked to apply the Commerce Clause directly, rather than the Necessary and Proper Clause, it wrongly decided

that case under rational basis scrutiny. *Texas Top Cop Shop, Inc.*, No. 24-40792, ECF No. 140-2, at 4. In doing so, it failed to wrestle with the tough questions about the lack of a limiting principle in the federal government's theory of power in this case, or its impact on traditional state powers. This Court should not be influenced by a divided, unpublished, motions panel order that did not address the arguments raised in this case. *Waters v. Churchill*, 511 U.S. 661, 678 (1994) ("Cases cannot be read as foreclosing an argument that they never dealt with.")

*Third*, even within its Commerce Clause analysis, the motions panel in *Texas Top Cop* ignored binding Fifth Circuit precedent. In finding that the CTA regulates economic activity, the panel relied on the fact that regulated entities have the "ability and propensity to engage in commercial activity." Putting aside that holding's staggering implications[1], and its implicit conflict with *NFIB*, 567 U.S. at 557, this approach was directly rejected in *GDF Realty Invs., Ltd. v. Norton*, 326 F.3d 622, 634-36 (5th Cir. 2003). Under Fifth Circuit precedent, the court must look only to the regulated activity itself—not the regulation's purpose or effect, or the other potential activities of the plaintiffs—to determine whether it is economic. *Id.* Indeed, in *GDF Realty*, the plaintiffs were building a Wal-Mart, but that was not sufficient to convert non-economic activity into economic activity. *Id.* at 636.

---

[1] As Plaintiffs point out in their prior briefing, if the commerce power may reach "any person or entity that could, or even likely will, 'utilize the channels of interstate commerce,' then there would be no limit to the commerce power. Every person in this country likely will, at some point, open a bank account or make a phone call, thus 'utilizing' channels of interstate commerce." ECF 14, p. 9.

However, because the plaintiffs in *Texas Top Cop* did not raise *GDF Realty* in their briefing at all, the motions panel failed to wrestle with this contrary precedent. This Court remains bound by *GDF Realty*, not a contrary unpublished motions panel that was unaware of that precedent.

*Finally*, to the extent this Court considers the other equitable factors for preliminary relief, rather than ruling on summary judgment, the *Texas Top Cop* panel misapplied the law. In particular, the panel concluded that the balance of equities favored the federal government because (1) the injunction of any duly enacted statute or regulation irreparably harms the public, and (2) the monetary cost of compliance for Plaintiffs was allegedly small. *Texas Top Cop Shop, Inc.*, No. 24-40792, ECF No. 140-2, at 5-6.

But if this Court believes that the CTA and its implementing regulation are unconstitutional, then it cannot be in the public interest to enforce them. *Texas v. United States*, 50 F.4th 498, 530 (5th Cir. 2022). And it is the irreparability of the plaintiffs' harms—not the magnitude—that matters in this circuit. *Texas v. United States EPA*, 829 F.3d 405, 433-34 (5th Cir. 2016). The panel's contrary unpublished decision—which does not even address these binding cases—does not bind this Court.

Accordingly, because Federal Defendants have had ample notice of Plaintiffs request to convert Plaintiffs' motion for preliminary relief to a motion for summary judgment, this Court should grant that request, rule for Plaintiffs as a matter of law, and vacate the challenged rule. In the alternative, this Court should promptly grant

Plaintiffs' pending request for preliminary relief to prevent irreparable harms set to go into effect in only eight days.

Date: December 24, 2024,          Respectfully submitted,

*/s/ Chance Weldon*
ROBERT HENNEKE
TX Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
TX Bar No. 24076767
cweldon@texaspolicy.com
CHRISTIAN TOWNSEND
TX Bar No. 24127538
ERIC HEIGIS
VA Bar No. 98221
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

*/s/ Chance Weldon*
CHANCE WELDON