IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SAMANTHA SMITH AND ROBERT MEANS<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, JANET YELLEN, in her official capacity as Secretary of the Treasury, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, and ANDREA GACKI, in her official capacity as Director of FinCen,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 6:24-cv-00336 |

## DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

Defendants respectfully notify this Court of supplemental authority in support of their opposition to Plaintiffs' Motion for Preliminary Injunction. On December 23, 2024, the United States Court of Appeals for the Fifth Circuit granted the government's motion for a temporary stay pending appeal of the preliminary injunction entered by the district court in *Texas Top Cop Shop, Inc. v. Garland*, No. 4:24-cv-478 (E.D. Tex.). *See* Ex. A, *attached hereto*. As the Court is aware, the district court in *Texas Top Cop Shop* entered a nationwide preliminary injunction against enforcement of the Corporate Transparency Act ("CTA"). The Fifth Circuit, in relevant part, held that "the government has made a strong showing that it is likely to succeed on the merits in defending [the] CTA's constitutionality." Ex. A at 3. The court explained that the CTA "regulates anonymous ownership and operation of businesses" that "'are part of an economic class of activities that have a substantial effect on interstate commerce[,]'" and "a reporting requirement

for entities engaged in these economic activities falls within 'more than a century of [the Supreme] Court's Commerce Clause jurisprudence.'" *Id.* (quoting *Gonzales v. Raich*, 545 U.S. 1, 17, 29 n.38 (2005)). Additionally, the Fifth Circuit concluded that *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 549 (2012)—on which Plaintiffs here rely, *see, e.g.*, ECF Nos. 7, 14—did not apply, Ex. A at 4. Further, the Fifth Circuit explained that "the government has made a strong showing against the [plaintiffs'] facial challenge to the CTA[,]" because "the CTA at least operates constitutionally when it requires that corporations engaged in business operations affecting interstate commerce disclose their beneficial owner and applicant information to [FinCEN]." *Id.* at 5. The *Texas Top Cop Shop* plaintiffs have filed a motion requesting emergency rehearing of the stay motion by the en banc Fifth Circuit. The Fifth Circuit has ordered the government to file its response to the motion for rehearing en banc on or before noon on December 31, 2024.

Given that the Plaintiffs in this case have similarly challenged the CTA as exceeding Congress's Article I authority, *see* ECF No. 1, ¶¶ 59–81, the Fifth Circuit's order is relevant to the Plaintiffs' Motion for Preliminary Injunction, which is currently pending before the Court.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s James G. Gillingham*
JAMES G. GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, a true and correct copy of the foregoing document was filed electronically with the Court and has been sent to all known counsel of record via the Court's electronic filing system.

/s James G. Gillingham
JAMES G. GILLINGHAM
Assistant United States Attorney