## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SAMANTHA SMITH AND ROBERT MEANS, *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action No. 6:24-CV-00336-JDK |
| UNITED STATES DEPARTMENT OF THE TREASURY, JANET YELLEN, in her official capacity as Secretary of the Treasury, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, and ANDREA GACKI, in her official capacity as Director of FinCEN, *Defendants*. | § § § § § § § § § | |

### PLAINTIFFS' RESPONSE TO MOTION FOR STAY PENDING APPEAL

Plaintiffs file this response to Defendants' (the Department's) motion to stay this Court's order pending appeal.

### INTRODUCTION

The Corporate Transparency Act (CTA) marks a sweeping expansion of federal authority into matters traditionally reserved to the states.  Under the CTA, Plaintiffs and 32.6 million other small businesses must disclose sensitive personal information to a federal database, regardless of whether they are suspected of a crime or engaged in interstate commerce.  Failure to disclose is punishable by civil penalties up to $500 per day and criminal penalties up to a $10,000 fine and two years in prison.  31 U.S.C. § 5336(h)(1), (3).

1

In the face of this unprecedented expansion of federal power, this Court rightly granted preliminary relief preventing the CTA and its implementing rule from going into effect.  Today, this Court's order is the only judicial relief preventing the federal government from enforcing the CTA.

After waiting almost a month, the Department now seeks emergency relief; asking this Court to lift its stay and injunction and let the CTA go into effect.  But as this Court rightly recognized, the CTA and its implementing rule are likely unconstitutional, and if allowed to go into effect, would result in immediate and irreparable harm to Plaintiffs and millions of Americans.

The Department's motion does not justify this radical change to the status quo. To the contrary, the Department now claims that it might delay enforcement of the CTA yet again if the stay is lifted.  But if the interests allegedly served by the CTA are not sufficient for the Department to enforce its own law, then they certainly do not justify the chaos and uncertainty the Department would create by lifting the stay and injunction here.

The better course would be for this Court to maintain the status quo by rejecting the Department's motion to lift this Court's January 7 order granting preliminary relief unless and until the Fifth Circuit or the United States Supreme Court rules otherwise.

## BACKGROUND

The facts of this case are accurately laid out in Plaintiffs' prior briefing and this Court's opinion granting preliminary relief and therefore are not repeated here.

As relevant to this motion, this Court issued an order on January 7th which: (1) held that the CTA and its implementing rule are likely unconstitutional; (2) enjoined the application of the CTA to Plaintiffs; and (3) stayed the effective date of the CTA's implementing rule while this case proceeds. *Smith v. Dep't of the Treasury*, No. 6:24-cv-336-JDK, 2025 U.S. Dist. LEXIS 2321, at *37–*39 (Jan. 7, 2025).

On January 23rd, the Supreme Court stayed a nationwide injunction in a separate case involving similar but distinct challenges to the CTA. *McHenry v. Tex. Top Cop Shop, Inc.*, 220 L. Ed. 2d 427, 427 (2025). The Court did not issue a written opinion explaining its decision. The Department admits that this action did not lift the stay or injunction in this case by implication. *Beneficial Ownership Information*, Financial Crimes Enforcement Network (last visited, Feb. 13, 2025) https://fincen.gov/boi.

Almost a month after this Court issued its preliminary relief in this case, the Department finally appealed to the Fifth Circuit and filed its request to stay this Court's order. That request should be denied.

## STANDARD OF REVIEW

"A stay pending appeal is extraordinary relief for which [movants] bear a heavy burden." *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (internal quotations omitted). "A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden

of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder,* 556 U.S. 418, 433–34 (2009) (cleaned up).

In determining whether to exercise its discretion to grant a stay pending appeal, courts employ a four factor test similar to that used for granting a stay under 5 U.S.C. § 705: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. Where "there is even a fair possibility that the stay . . . will work damage to someone else" the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The Department cannot meet this burden.

**ARGUMENT**

**I.   THE DEPARTMENT HAS NOT MADE A "STRONG SHOWING" OF LIKELY SUCCESS ON APPEAL.**

To begin, the Department has not made a "strong showing" that it is likely to prevail on the merits on appeal. For the reasons laid out in Plaintiffs' prior briefing and this Court's opinion granting preliminary relief, the CTA is likely unconstitutional. ECF No. 7, pp. 11–20; *Smith*, 2025 U.S. Dist. LEXIS 2321, at *10–*34. As this Court rightly held, the CTA is not the direct exercise of any enumerated power. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *12, *27–28. Nor can it be justified as a necessary and proper extension of any enumerated power under the Necessary and Proper Clause. *Smith*, 2025 U.S. Dist. LEXIS 2321, at *17–*27. Rather, as this Court

rightly recognized, the Department invokes a limitless theory of federal authority that, if taken seriously, would allow Congress to "regulate any company, in any way, all the time." *Smith*, 2025 U.S. Dist. LEXIS 2321, at *16.

The Department's motion does not explain how this Court's analysis was wrong. Indeed, the Department's arguments never address this Court's reasoning *at all*. Nor does the Department attempt to articulate any limiting principle to its theory of federal power. Instead, with two exceptions, the Department simply rehashes arguments already rejected by this Court. ECF No. 33, pp. 5, 7. The Court should reject those rehashed arguments again.

The Department's two new arguments fair no better. <u>*First*</u>, the Department argues that the Supreme Court implicitly agreed with its arguments as to likelihood of success on the merits when it temporarily lifted the injunction in *Texas Top Cop*. ECF No. 33, p. 5 (citing *McHenry*, 220 L. Ed. 2d at 427). But the Supreme Court did not give a reason for its decision in that case. *Texas Top Cop* is a *per curiam* order without an opinion in a case with different facts, legal theories, arguments, and proposed remedies than those presented here. Any one of those differences could have been the basis for the Supreme Court's preliminary decision in that case. *Texas Top Cop* therefore cannot be seen as foreclosing Plaintiffs arguments here. See *Waters v. Churchill*, 511 U.S. 661, 678 (1994) ("[C]ases cannot be read as foreclosing an argument that they never dealt with."); *Lamar Outdoor Advert., Inc. v. Miss. State Tax Comm'n*, 701 F.2d 314, 330 (5th Cir. 1983) (citing *Mandel v. Bradley*, 432 U.S. 173, 176 (1977)) (summary opinions are only binding as to "the precise issues

5

presented and necessarily decided by those actions."). This Court should not disrupt the lives of millions of Americans by lifting the stay in this case until a higher court— or indeed, anyone—can explain clearly why this Court's initial decision on the constitutionality of the CTA was wrong.

_Second_, the Department claims that even if the CTA cannot be justified as Necessary and Proper to the exercise of any specific enumerated power, it can still be deemed Necessary and Proper to the exercise of several enumerated powers when taken in the "aggregate." ECF No. 33, p. 7. In other words, the Department suggest that even if the CTA is not sufficiently related to any one particular enumerated power, it can still be constitutional if it is "kind of" related to several powers in the abstract. _See_ ECF No. 33, p. 7. (citing _United States v. Comstock_, 560 U.S. 126, 143 (2010); _Legal Tender Cases_, 79 U.S. (12 Wall.) 457, 535 (1870)).

The two cases cited in the Department's motion provide no basis for this "emanations and penumbras" approach to the Necessary and Proper Clause. In _United States v. Comstock_, the Court rejected a challenge to the federal civil-commitment statute for mentally ill sexual offenders. 560 U.S. at 129. The Court held that because the federal government has the power to act as a "responsible federal custodian" of criminals punished under other constitutional laws, it has implied authority under the Necessary and Proper Clause to adopt laws and regulations for the incarceration and release of individuals that violated those laws. _Id._ at 143. The Court did not suggest, as the Department claims, that there is some free floating Necessary and Proper Clause authority when Congress cannot find a

"single specific enumerated power" that would apply.  ECF No. 33, p. 7.  To the contrary, the Court made clear that the incarceration rules were permissible only because any statute criminalizing behavior "must itself be legitimately predicated on an enumerated power."  *Comstock*, 560 U.S. at 148.

The excerpt the Department cites from the *Legal Tender Cases* similarly stands for the unremarkable position that the government may enact laws criminalizing conduct that it has authority to regulate under its enumerated powers.  *Legal Tender Cases*, 79 U.S. (12 Wall.) at 535.  That opinion cannot be read to recognize a free-floating set of unenumerated powers lurking beneath the text of the Constitution.  To the contrary, the Supreme Court has recently and repeatedly held that the federal government is one of limited and enumerated powers.  *NFIB v. Sebelius*, 567 U.S. 519, 533 (2012) ("In our federal system, the National Government possesses only limited powers"); *United States v. Morrison*, 529 U.S. 598, 607 (2000) ("Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution.  The powers of the legislature are defined and limited.")

As such, if the Department seeks to invoke the Necessary and Proper Clause, that power must still be tied to some specific enumerated power.  *See NFIB*, 567 U.S. at 560 (the Necessary and Proper Clause "involve[s] exercises of authority derivative of, and in service to, a granted power.")  Otherwise, the enumeration of specific powers in Article I would have been pointless.

The Department's motion therefore does not establish a substantial likelihood of success on the merits.

## II.    THE DEPARTMENT WILL NOT BE IRREPARABLY HARMED ABSENT A STAY

The Department also has not shown that it will be irreparably harmed if this Court's preliminary relief remains in effect.  <u>First</u>, as this Court has already recognized, the CTA is likely unconstitutional, and the government simply is not injured when it is prevented from enforcing an unconstitutional law.  *Smith*, 2025 U.S. Dist. LEXIS 2321, at *34–*37; *see also Free Speech Coal., Inc. v. Paxton*, 95 F.4th 263, 287 (5th Cir. 2024) ("the government suffers no injury when a court prevents it from enforcing an unlawful law.").

<u>Second</u>, the Department's own arguments in this motion establish that it will not be injured by this Court's order remaining in place.  If the Department's motion is to be believed, it has no intention of enforcing the CTA while this litigation proceeds.  ECF No. 33, p. 6 ("If this Court grants the stay, FinCEN intends to announce that it will extend the [CTA's] compliance deadline for thirty days.").  It is unclear whether the Department has legal authority to grant such an extension[1], but the Department's argument that such changes are prudent undermines its claim that

---

[1]    The Department claims it intends to "extend the compliance deadline for thirty days" if the Court grants this stay. ECF No. 33, p. 6.  But the Department cites no authority for this proposition.  Indeed, it is unlikely that the Department can extend the compliance deadline unless it conducts notice and comment rulemaking.  The APA allows agencies to delay a rule's effective date pending judicial review.  5 U.S.C. § 705.  But unlike courts, agencies can only "postpone the effective date of a not yet effective rule."  *Safety-Kleen Corp. v. EPA*, 1996 U.S. App. LEXIS 2324, at *2 (D.C. Cir. Jan. 19, 1996); *see also Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 151 (S.D.N.Y. 2019) (same); *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1118 (N.D. Cal. 2017) (same); *Becerra v. United States DOI*, 276 F. Supp. 3d 953, 964 (N.D. Cal. 2017) (same).  An agency may not "suspend without notice and comment a promulgated rule".  *Safety-Kleen Corp.*, 1996 U.S. App. LEXIS 2324, at *2–*3.

it will be harmed in the absence of a stay. If—as the Department suggests—its ability to enforce the CTA is *essential* to preventing money laundering and protecting national security, then the Department would not have waited four years to enforce the CTA and would not be promising to delay that enforcement even further now. The Department's bare desire to reinstate a Sword of Damocles over the heads of ordinary law-abiding Americans is not a basis for a stay.

## III.    THE REMAINING EQUITABLE FACTORS FAVOR THE PLAINTIFFS

The balance of the equities and public interest factors also favor denying the stay. The Supreme Court has made clear that a party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" when "there is even a fair possibility that the stay . . . will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). As explained above, Plaintiffs face severe, irreparable harms if they are forced to comply with the CTA. If the stay remains in effect, the Department will face, at most, a short delay in enforcing the CTA—a delay it says it will self-impose anyway. Given this balance, the equities weigh strongly against a stay pending appeal.

Furthermore, the government is "not injured" by an injunction of an unconstitutional law. *Trans World Airlines v. Mattox*, 897 F.2d 773, 784 (5th Cir. 1990). And "the public interest of the nation is always served by the cessation of a program that was created in violation of law and whose existence violates the law." *Texas v. United States*, 50 F.4th 498, 530 (5th Cir. 2022). This Court already held that the CTA is likely unconstitutional, and the Department advances no compelling

reason to change that conclusion.  Therefore, the Court should deny the motion for a stay pending appeal.

## CONCLUSION

Within a few months, the Constitutionality of the CTA will likely be decided by the higher courts one way or the other.  In the meantime, this Court's order granting preliminary relief gives millions of Americans breathing room and stability to run their lives while this litigation plays out.  After waiting four years to enforce the CTA and then waiting almost another month after this Court signed its order to appeal, the Department provides no reason why it cannot wait a few more months for higher courts to evaluate its novel expansion of federal power before it begins enforcement.  The Department's motion should be denied.

Date: February 14, 2025,                    Respectfully submitted,

*/s/Chance Weldon*
ROBERT HENNEKE
TX Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
TX Bar No. 24076767
cweldon@texaspolicy.com
CHRISTIAN TOWNSEND
TX Bar No. 24127538
ERIC HEIGIS
VA Bar No. 98221
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
Facsimile:    (512) 472-2728

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

*/s/ Chance Weldon*
CHANCE WELDON