## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SAMANTHA SMITH AND ROBERT MEANS,<br>  *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action No. 6:24-CV-00336-JDK |
| UNITED STATES DEPARTMENT OF THE TREASURY, SCOTT BESSENT, in his official capacity as Secretary of the Treasury, THE FINANCIAL CRIMES ENFORCEMENT NETWORK, and ANDREA GACKI, in her official capacity as Director of FinCEN,<br>  *Defendants*. | § § § § § § § § § § | |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO LIFT ABEYANCE

For the reasons stated in Plaintiffs' motion and this Reply, this Court should lift the abeyance in this case and should order Defendants to file a response to Plaintiffs' May 2025 motion for summary judgment.

Plaintiffs and Defendants largely agree on the test for abeyance, except that Plaintiffs' test directly quotes the controlling authorities while Defendants gratuitously synthesize a rule. *See* Docket No. 56 at 3 (Plaintiffs' motion); Docket No. 2–3 & n.1 (Defendants' opposition). Plaintiffs state the test as follows. To determine whether a stay pending rulemaking is appropriate, courts generally consider three factors: (1) whether there is a "clear case of hardship or inequity" (*In re Davis*, 730 F.2d 176, 178–79 (5th Cir. 1984)); (2) whether a revised rule could "obviate the need for judicial review" (*Utah v. EPA*, No. 23-1157, 2025 U.S. App. LEXIS 10694, at *56 (D.C. Cir. May 2, 2025) (statement of Rao, J.)); and (3) whether the stay would be of limited and moderate duration. *In re Davis*, 730 F.2d at 178–79.

Defendants argue that continuing the abeyance will not prejudice Plaintiffs. That framing flips the burden on its head. *In re Davis* explains it is "[t]he party seeking a stay" that "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 178. This makes sense. It is Defendants that asked this Court to deviate from the normal litigation timeline. It is Defendants that should have to prove hardship to justify this deviation.

Defendants assert—without citation—that it is not their burden to establish prejudice. Docket No. 58 at 2 & n.2. Defendants made no argument in their opposition or in their original abeyance motion that they will face hardship or inequity absent an abeyance. *See* Docket Nos. 42, 45, 58. Defendants have thus waived any argument that they will face a "clear case of hardship or inequity in being required to go forward." *In re Davis*, 730 F.2d at 178.

Defendants summarily assert that a final rule in line with the interim final rule will moot this case. Docket No. 58 at 3. That claim stands in tension with Defendants' position in litigation before the Eleventh Circuit. *Nat'l Small Bus. United v. U.S. Dep't of the Treasury*, 161 F.4th 1323, 1327 n.1 (11th Cir. 2025) ("The parties agree that [the interim final rule] does not render this case moot. We believe they are correct."). Rather than explain how the final rule will moot this case, Defendants jump to the voluntary cessation exception to mootness. This skips over the primary analysis of how the final rule could "obviate the need for judicial review." *Utah*, 2025 U.S. App. LEXIS 10694, at *56.

Plaintiffs' motion for summary judgment *only* seeks relief against the statute. Docket No. 41 at 7. There is no dispute that the statute regulates Plaintiffs on its face, and that the Department has vigorously defended the constitutionality of applying the statute to the Plaintiffs. *See* Ds' Opp'n to Mot. to Reinstate Inj. at 14–18, *Smith v. Dep't of the Treasury*, No. 25-40071, ECF No. 47 (5th Cir. filed Mar. 7, 2025). Defendants have not explained how its final rule will preclude relief against

the statute. Agencies cannot rewrite a statute or expand an exception to swallow the rule. *See Alabama v. North Carolina,* 560 U.S. 330, 352 (2010); *PG&E v. FERC*, 113 F.4th 943, 949 (D.C. Cir. 2024). And Congress made clear its intent to regulate domestic entities under the statute. William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116–283, § 6402, 134 Stat. 3388, 4604–05 (2021) (five of eight Sense of Congress paragraphs mentioning problems with, and the need to regulate, domestic entities). The Trump Administration agreed: "This legislation would require corporations and limited liability companies *in the United States* to disclose their beneficial owners . . . ." Executive Office of the President, Office of Management and Budget, Statement of Administration Policy: H.R. 2513 – Corporate Transparency Act of 2019 (Oct. 22, 2019), https://trumpwhitehouse.archives.gov/wp-content/uploads/2019/10/SAP_HR-2513.pdf (emphasis added). Because the agency cannot rewrite the CTA statute, the final rule's content will not "obviate the need for judicial review." *Utah*, 2025 U.S. App. LEXIS 10694, at *56.

Defendants also fail to refute the fact that this abeyance now has "an indefinite duration." *In re Davis*, 730 F.2d at 179. "[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)). Defendants premised this stay on FinCEN's intention "to issue a final rule this year." Docket No. 42 at 3. That deadline has come and gone. On multiple occasions, Defendants have refused to provide this Court an updated deadline for the final rule. *See* Docket Nos. 53, 57, 58. That is the very definition of "indefinite duration." *Indefinite*, Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/indefinite (defining "indefinite" as "having no exact limits"). Even though the abeyance in *Utah* may be longer than this abeyance, it still had an estimated end date. *Utah*, 2025 U.S. App. LEXIS 10694, at *54. This abeyance now lacks an estimated end date.

3

Finally, Defendants argue that continuing the abeyance is "consistent with the approach of all courts that have had the opportunity to resolve similar challenges." Docket No. 58 at 2. That statement is only true because Defendants never sought an abeyance in the Eleventh Circuit. *See Nat'l Small Bus. United v. U.S. Dep't of the Treasury*, 161 F.4th 1323 (11th Cir. 2025).

Plaintiffs in both *Nat'l Small Bus. United* and this case seek summary judgment against the CTA statute, not the rule. Yet Defendants allowed *Nat'l Small Bus. United* to continue even after FinCEN issued its interim final rule. Perhaps this was because oral argument took place in September 2024 and Defendants felt confident they would win that case. Indeed, in December 2025 the Eleventh Circuit decided *Nat'l Small Bus. United* in the government's favor. *See Nat'l Small Bus. United v. U.S. Dep't of the Treasury*, 161 F.4th 1323 (11th Cir. 2025). In contrast, this Court held that Plaintiffs are likely to succeed on their Commerce Clause claim. Docket No. 30 at 10–24. So naturally Defendants want to keep this case in abeyance.

It is not true that every pending challenge to the CTA was placed in abeyance following the interim final rule. The Eleventh Circuit decided a CTA case on the merits while this case remained in abeyance. The government should not be allowed to pick and choose the courts in which it wants to defend cases based on its likelihood of success. *Cf. In re Davis*, 730 F.2d at 178 ("Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

Furthermore, the stays in the Fourth, Fifth, Sixth, and Ninth Circuits and the District of Massachusetts are distinguishable. This case is the only case where a plaintiff is actively seeking summary judgment on a Commerce Clause claim. Most of the other cases are still at the preliminary relief stage. *Tex. Top Cop Shop v. Bondi*, No. 24-40792 (5th Cir.) (appeal of preliminary injunction); *Cmty. Ass'ns Inst. v. U.S. Dep't of the Treasury*, No. 24-2118 (4th Cir.) (appeal of preliminary injunction denial);

*Firestone v. Yellen*, No. 24-6979 (9th Cir.) (appeal of preliminary injunction denial). It is understandable why these appeals of preliminary relief are stayed, given that it is much easier for an appeal of preliminary relief to become moot than it is for a case overall to become moot. *Arms of Hope v. City of Mansfield*, 114 F.4th 374, 380–381 (5th Cir. 2024). No party in these cases has filed a motion for summary judgment in district court. *See Tex. Top Cop Shop v. Bondi*, No. 4:24-cv-00478 (E.D. Tex.); *Cmty. Ass'ns Inst. v. U.S. Dep't of the Treasury*, No. 1:24-cv-01597 (E.D. Va.); *Firestone v. Yellen*, No. 3:24-cv-01034 (D. Or.).

Only two cases challenging the CTA have reached summary judgment. *Small Business Association of Michigan v. Yellen* was decided on Fourth Amendment grounds before FinCEN issued the interim final rule.[1] 769 F. Supp. 3d 722, 739 (W.D. Mich. 2025). The court issued a permanent injunction preventing the government from enforcing the CTA against those plaintiffs. *Id.* at 739. That injunction was not stayed pending appeal. It remains in effect while the Sixth Circuit appeal is stayed. In this case the Court stayed its preliminary relief pending appeal. Docket No. 39. Staying the Sixth Circuit case did not deprive the challengers of final relief on the merits. Continuing the abeyance in this case deprives Plaintiffs the opportunity for final relief on the merits.

The parties in *Black Economic Council of Massachusetts v. Bessent* have also completed summary judgement briefing in a case involving Commerce Clause and various Bill of Rights claims. No. 1:24-cv-11411 (D. Mass.). That case is also stayed. However, the plaintiffs in that case filed a joint motion to stay proceedings in May 2025. *Id.* at Docket No. 39. In contrast, Plaintiffs opposed Defendants' original motion for abeyance and continue to do so. That makes the stay in *Black Econ. Council of Mass.* inapposite.

---

[1]    The court expressly declined to rule on the Commerce Clause claim. *Id.* at 738.

While it is true in the abstract that these other cases remain in abeyance, those cases are all distinguishable from this case. And actions in other cases do not relieve Defendants' burden to show that abeyance remains appropriate in this case.

For the foregoing reasons, Plaintiffs respectfully request that the abeyance be lifted and that the Department be ordered to file a response to Plaintiffs' motion for summary judgment within thirty days from the date the abeyance is lifted.

Date: February 12, 2026,                    Respectfully submitted,

*/s/Eric Heigis*
ROBERT HENNEKE
TX Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
TX Bar No. 24076767
cweldon@texaspolicy.com
ERIC HEIGIS
VA Bar No. 98221
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:    (512) 472-2728

### CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Texas by using the CM/ECF system, which will serve a copy of same on all counsel of record.

*/s/Eric Heigis*
ERIC HEIGIS